IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

```
DAWN ZINN and WILLIAM ZINN,              )
                                         )
        Plaintiffs,                      )
                                         )
v.                                       )  No. CIV-09-425-FHS
                                         )
VALLEY VIEW HOSPITAL, an Oklahoma Not    )
For Profit Corporation, d/b/a VALLEY     )
VIEW REGIONAL HOSPITAL; VALLEY VIEW      )
HOSPITAL, an Oklahoma Not For Profit     )
Corporation, d/b/a VALLEY VIEW           )
REGIONAL HOSPITAL EMERGENCY MEDICAL      )
SERVICES; MICHAEL R. STAFFORD, D.O.;     )
LAUREL M. JORDAN, D.O.; JOHN C.          )
SIEGLE, M.D.; and SOUTHEASTERN           )
WOMEN'S HEALTH CENTER, a Professional    )
Limited Liability Company,               )
                                         )
        Defendants.                      )
```

**OPINION AND ORDER**

Plaintiffs, Dawn Zinn and William Zinn, have filed a Motion to Alter or Amend a Judgment Pursuant to Fed.R.Civ.P. 59(e) (Dkt. No. 54). Plaintiffs contend the Court erred in dismissing their claims under the Emergency Medical Treatment and Active Labor Act ("EMTALA") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. The crux of Plaintiffs' argument is that the issue of whether an appropriate medical screening was provided under EMTALA is a question of fact, not capable of being resolved by a Rule 12(b)(6) motion.

A motion to reconsider under Rule 59(e) "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." Servants of Paraclete v. Does, 204 F.3d 1005,

1

1012 (10th Cir. 2000). Such a motion "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." Id. The arguments and related authorities advanced by Plaintiffs in their Rule 59(e) motion in connection with the propriety of resolving the EMTALA claims on a Rule 12(b)(6) motion are virtually the same arguments and authorities considered by the Court in its previous ruling. The Court finds no error in its application of the controlling law, specifically, the standard for evaluating a Rule 12(b)(6) motion pursuant to Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), nor has the Court misapprehended any of the facts or Plaintiffs' position with respect to the allegations of their complaint. Simply stated, Plaintiffs' allegations are insufficient to state an EMTALA medical screening claim. Such allegations are, however, properly addressable in the context of the medical negligence action filed by Plaintiffs in the District Court of Pontotoc County, Oklahoma. Moreover, the Court reiterates its finding that even assuming Plaintiffs had adequately pled a medical screening claim under EMTALA, the undisputed evidence of treatment, i.e., the emergency cesarean section, precludes recovery under EMTALA's medical screening provision. See Collins v. DePaul Hospital, 963 F.2d 303, 307 (10th Cir. 1992).

Based on the foregoing reasons, Plaintiffs' Motion to Alter or Amend a Judgment Pursuant to Fed.R.Civ.P. 59(e) (Dkt. No. 54) is denied.

It is so ordered this 19th day of April, 2010.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma